UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NORWEGIAN BULK TRANSPORT A/S,       :         ECF
                                    08 Civ. 5591 (LAP)
                 Plaintiff,    :

                                      DECLARATION OF
      -against-              :    CARLO SAMMARCO

PIONEER NAVIGATION LTD.,          :

                  Defendant.  :
-------------------------------------------------------------x

      CARLO SAMMARCO, affirms under penalties of perjury under the laws of the United States, 28 U.S.C. §1746:

      1.    I am a Solicitor of the Supreme Court of England and Wales with the English law firm of Bentleys, Stokes & Lowless, which represents, Pioneer Navigation Ltd ("Pioneer") in a London arbitration with Norwegian Bulk Transport A/S ( "NBT").

      2.    This Declaration is submitted in support of Pioneer's motion to reduce the amount of the Rule B maritime attachment obtained by NBT as the arbitration costs and fees claimed by it of US$75,000 grossly exceed the maximum amount allowed of approximately $10,000 as provided in the applicable small claims arbitration procedure agreed to by the parties for disputes of under US$100,000. In this action, NBT is seeking in its Complaint only US$2,379.38 for which it improperly obtained an Order of Attachment for US$77,379.38 in total disregard of the limited fees and costs permitted as shown below.

3.    Under a Charterparty dated 20th February 2007, Pioneer was the Disponent Owner of the Vessel, "BOONTRIKA NAREE" and NBT were her charterers. The Vessel was delivered to NBT on 26th February 2007 and redelivered on 27th March 2007.

4.    Upon redelivery Pioneer issued a Final Hire Statement showing a balance in their favour of US$ 23,921.92 [doc 1]. NBT, however, alleged that in breach of Charterparty, the Vessel under-performed during the period of the charter and that NBT should be entitled to damages in relation thereto. Such damages have been deducted (which the Defendant submits have been done so wrongfully) from hire and consequently NBT allege a balance due to them in the amount of US$ 3,410.27 [doc 2].

5.    A dispute now has arisen between the parties as to the final amount of hire due under the Charterparty.

6.    Under Clause 57 of the Charterparty any disputes between the parties are to be referred for resolution to London arbitration. The Charterparty is on back to back terms with the head charter dated 18th October 2006 and the provisions of Clause 57 of the head charter are duly incorporated. The contents of Clause 57 are clear that, in the event there is a dispute between the parties not exceeding US$100,000, then the LMAA Small Claims Procedure is to apply to that dispute [doc 3]. The disputes between the parties fall within the ambit of this "Small Claims" provision within Clause 57 and consequently any arbitration procedure adopted by the parties in respect of this dispute should follow the LMAA Small Claims Procedure currently in force. The current version of the LMAA Small Claims Procedure ("SCP") is as amended in 2006 and can be found in full as published on the LMAA website (www.lmaa.org.uk).

2

7.    The procedure for the commencement of arbitration is set out at paragraph 2 of the SCP and provides that the parties are to agree a sole arbitrator, failing which the parties are at liberty to request that the President of the LMAA appoint a sole arbitrator on the parties' behalf.    Whilst NBT recognise that this dispute should be properly determined under the SCP, NBT via their UK lawyers, Waterson Hicks, sought to vary the agreed terms as to the appropriate procedure to be adopted for disputes of a value less than US$ 100,000. In this respect, Waterson Hicks appointed Mr William Robertson on NBT's behalf and thereafter requested that Pioneer also appoint an arbitrator on their behalf in order to form an arbitral Tribunal for the purpose of determining the dispute under the Charterparty. This was in accordance with the agreed procedure under Clause 57 of the Charterparty where a claim **exceeds** US$100,000.

8.    As the disputes in question fall solely within the ambit of the SCP and in the absence of any agreement that any other procedure should be adopted by the parties in respect of these disputes, Pioneer contested the validity of the appointment of Mr Robertson.    Pioneer requested that Mr Robertson step down and at the same time proposed three arbitrators for agreement as sole arbitrator in accordance with the terms of the SCP [**doc 4**]. Pioneer asked NBT to agree to the appointment of one of these three arbitrators within 14 days of notification of the same (namely by 4th July 2008). This deadline has now passed and the parties have failed to agree a sole arbitrator under the SCP. At the request of Waterson Hicks, Mr Robertson has now stood down as NBT's arbitrator [**doc 5**] and Pioneer is now taking appropriate steps to seek the assistance of the President of the LMAA to appoint a sole arbitrator on the parties' behalf in accordance with the provisions of paragraph 2(b) of the SCP.

3

9.     No variation has been agreed by Pioneer for the appointment of an arbitrator other than in accordance with the SCP and NBT admit that the current dispute under the Charterparty (and which forms the basis of NBT's alleged claim for overpaid hire in the aforementioned amount) should be referred to a sole arbitrator in accordance with the SCP.

10.     The principal feature of the SCP is that the costs of the sole arbitrator are fixed; the maximum amount of costs recoverable by a successful party in the arbitration is limited; and there is no right to appeal. These costs are fixed by the LMAA (from time to time) with the most recent increase in the relevant costs fixed by the LMAA as of 1st July 2008.

11.Under paragraph 2(a) of the SCP there is a Small Claim fee payable to the appointed arbitrator which is fixed by the Committee of the LMAA which is currently set at an amount of £2,000. In respect of arbitrations commenced prior to 1st July 2008 (as is the case here) then the Small Claim fee payable to the arbitrator is £1,750.

12.     In the event that the President of the LMAA is requested to appoint an arbitrator on the parties' behalf then there is an administration fee payable to the LMAA in this respect (in accordance with paragraph 2(b)) of £150 (also effective from 1st July 2008). In total therefore the costs of the arbitrator (which includes the preparation and issue of an award) are fixed at no more than £2,150.

13.     In addition the SCP provides that a successful party in the arbitration is entitled to their legal costs of the arbitration. These are to be assessed by the arbitrator on a commercial basis having regard to the nature of the reference (see paragraph 8 of the

4

SCP). The amount that may be awarded by an arbitrator is assessed in the arbitrator's absolute discretion but up to a maximum figure which has been currently set by the LMAA in the amount of £2,750 (as at 1st July 2008). This figure is inclusive of disbursements.

14.    Consequently a party's potential exposure as far as costs of the arbitration (conducted in accordance with the SCP) are concerned will be limited to no more than £4,900 (£2,150 in respect of the arbitrator's costs and a maximum of £2,750 by way of recoverable legal costs). A successful party in a SCP arbitration will not be able to recover any further sum in addition to the aforementioned fixed amount.

15.    Accordingly, as the maximum amount that could be awarded for arbitration costs and fees is no more than £4,900, or approximately $10,000.00 (at today's rate of exchange), NBT's attachment of $75,000 as alleged security for such costs should be reduced and limited to the former figure.

The foregoing is true and correct to the best of my knowledge under the penalties of perjury under the laws of the United States.

Executed at London, England this $2^{th}$ day of July, 2008

CARLO SAMARCO

5

# EXHIBIT

# 1

**BOONTRIKA NAREE  13**

**HIRE INVOICE**
**HIRE INVOICE**

**Norwegian Bulk Transport A/S**

| | |
|---|---|
| Page: | 1 |
| Date: | 3/29/2007 |
| FixNote: | 315 |
| Time: | GMT |
| C/P Date: | 2/20/2007 |
| Currency: | USD |

| Description | Debit | Credit |
|---|---:|---:|
| Delivery DOUALA 2/26/2007-1:00GMT | | |
| 2/26/2007-1:00GMT-3/27/2007-18:36GMT | | |
| Hire = 29.81667 Days @ $21,500.00/Day | 641,058.41 | |
| 2.500 % Address Commission | | 16,026.46 |
| 1.250 % Commission Normar | | 8,013.23 |
| C/V/E for 29.8125 Days @ 1300/Mnth | 1,274.18 | |
| MDO on delivery - : 38.740mt @ $595.00/mt | 23,050.30 | |
| IFO on delivery - : 450.770mt @ $285.00/mt | 128,469.45 | |
| ILOHC | 4,500.00 | |
| IFO on redelivery - : 465.400mt @ $285.00/mt | | 132,639.00 |
| MDO on redelivery - : 44.100mt @ $595.00/mt | | 26,239.50 |
| Off Hire Hold 2 Owendo | | 3,404.16 |
| Rev. 2.500 % Address Commission | 85.10 | |
| Rev. 1.250 % Commission Normar | 42.55 | |
| Off Hire Hold 4 Owendo | | 1,791.67 |
| Rev. 2.500 % Address Commission | 44.79 | |
| Rev. 1.250 % Commission Normar | 22.40 | |
| Less Chrtrs Remittance dtd 05 Mar 2007 | | 461,867.50 |
| Less Chrtrs Remittance dtd 13 Mar 2007 | | 51,465.19 |
| Less Chrtrs Remittance dtd 26 Mar 2007 | | 73,178.55 |
| | | |
| Balance in owners favour | 23,921.92 | |

**Remit to:**
HSBC (MIDLAND BANK PLC)
P.O. BOX 14,
ST. HELIER, JERSEY
JE4 8NJ,
CHANNEL ISLANDS

SORT CODE        : 40-49-24
SWIFT REFERNCE : MIDLJESH
FOR ACCOUNT OF : PIONEER NAVIGATION LTD
USD ACCOUNT NO : 010-064061-360
IBAN           : GB38MIDL40492400012806

# EXHIBIT
# 2



**Norwegian Bulk Transport AS**
P.O. Box 103, Nesttun,
5852 Bergen
Norway
Telephone:                          (47) 55912110
Telefax:                            (47) 55396047
Web Site:                           www.nbtransport.no
E mail:                             mail@nbtransport.no
Enterprise/mva number:              982 810 264

## Hire Paid Statement

| | | | | |
|---|---|---|---|---|
| Vessel: | MV Bontrika Naree | | Shipowner: | Pioneer Navigation Ltd |
| Voyage: | 1237/01/2007 | | Time Charterer: | |
| Daily hire: | $21 500 | | Date: | 23-mar-07 |
| Payment No: | Prelim final hire | | Due: | 23-mar-07 |
| TCP Nype Dated: | 20-feb-07 | | Currency: | US Dollars |

| HIRE PAID STATEMENT | Date | UTC | Shipowner | NBT |
|---|---|---|---|---|
| **Hire:** | | | | |
| From: | 28.feb.07 | 01:00:00 | | |
| To: | 27.mar.07 | 20:36:00 | | |
| Days: | 29,8166670 | | $641 058,34 | |
| | | | | |
| **Off-hire cleaning holds 2 & 4** | | | | |
| From: | 27.feb.07 | 20:30:00 | | |
| To: | 28.feb.07 | 06:00:00 | | |
| Days @ 40% | 0,3958330 | | | $3 404,16 |
| | | | | |
| From: | 28.feb.07 | 06:00:00 | | |
| To: | 28.feb.07 | 16:00:00 | | |
| Days @ 20% | 0,4166670 | | | $1 791,67 |
| | | | | |
| **Time lost at sea (per Fleetweather)** | | | | |
| Days | 1,1520830 | | | $24 769,78 |
| | | | | |
| **Address Commission:** | | | | |
| NBT | 2,50 % | | $749,14 | $16 026,46 |
| **Brokerage Commission:** | | | | |
| Normar Int | 1,25 % | | $374,57 | $8 013,23 |
| | | | | |
| Cables & Representation lumpsum | $1 300,00 | | $1 250,38 | |
| Lumpsum ILOHCleaning | $4 500,00 | | $4 500,00 | |
| | | | | |
| **Estimated owners expenses:** | | | | |
| Owendo | $1 950,00 | | | |
| Sauda | $750,00 | | | $2 700,00 |
| | | | | |
| **Bunkers on delivery & redelivery:** | | | | |
| **Delivery:** | Quantity | Price | | |
| IFO | 450 | $285,00 | $128 250,00 | |
| MDO | 38 | $595,00 | $22 610,00 | |
| | | | | |
| **Redelivery:** | | | | |
| IFO | 465,4 | $285,00 | | $132 639,00 |
| MDO | 44,1 | $595,00 | | $26 239,50 |
| | | | | |
| **Remittance(s):** | | | | |
| | 1 | $461 916,25 | | |
| | 2 | $51 474,90 | | |
| | 3 | $73 227,74 | | $586 618,89 |
| | | | | |
| **TOTAL** | | | $798 782,43 | $802 202,69 |
| **Due to NBT:** | | | | ($3 410,27) |

# EXHIBIT

# 3

11/07/2006 TUE 16:15 FAX peraco                                    ☒017/028

PCL Ref: 5797
Additional Clause to M/V "BOONTRIK"                        dated Stamford.
Connection October 13, 2006

54.    Deleted.

55.    Charterers confirm that they will have a full liability cover for the entire duration of the Charter.

56.    Deleted.

57.    **Bimco Standard Law and Arbitration Clause 1998-English Law, London Arbitration:**
This Contract shall be governed by and construed in accordance with English Law and any dispute arising out of or in connection with this Contract shall be referred to arbitration, in London, in accordance with the Arbitration Act 1996 or any statutory modification or re-enactment thereof save to the extent necessary to give effect to the provisions of this Clause. The arbitration shall be conducted in accordance with the London Maritime Arbitrators Association (LMAA) terms current at the time when the arbitration proceedings are commenced.

The reference shall be to three arbitrators. A party wishing to refer a dispute to arbitration shall appoint its arbitrator and send notice of such appointment in writing to the other party requiring the other party to appoint its own arbitrator within 14 calendar days of that notice and stating that it will appoint its arbitrator as sole arbitrator unless the other party appoints its own arbitrator and gives notice that it has done so within the 14 days specified. If the other party does not appoint its own arbitrator and give notice that it has done so within the 14 days specified, the party referring a dispute to arbitration may, without the requirement of any further prior notice to the other party, appoint its arbitrator as sole arbitrator and shall advise the other party accordingly. The award of a sole arbitrator shall be binding on both parties as if he has been appointed by agreement. Nothing herein shall prevent the parties agreeing in writing to vary these provisions to provide for the appointment of a sole arbitrator.

In cases where neither the claim nor any counter-claim exceeds the sum of U.S. $100,000 (or such other sum as the parties may agree) the arbitration shall be conducted in accordance with the LMAA Small Claims Procedure current at the time.

58.    Deleted.

59.    Deleted.

60.    **Bunker Survey Clause:**
Charterers have the option to call for a joint bunker survey upon delivery or after arrival at first loadport after delivery and/or upon redelivery or at last port before redelivery, in order to establish bunker figures upon delivery, respectively redelivery and such figures shall be final and binding for both parties.

The Charterers will be represented by their supercargo(es) or appointed surveyor(s) and the Owners by the Master and/or Chief Engineer. Time for joint bunker survey upon delivery or after arrival at first loadport after delivery to be for Charterers' account and time for joint bunker survey upon redelivery or at last port before redelivery to be for Owners' account. Costs for surveys to be split 50/50 between Owners and Charterers.

- 12 -

# EXHIBIT

# 4

| International House | T +44 (0)20 7782 0990 | law@bentleys.co.uk |
|---|---|---|
| 1 St. Katharine's Way | T +44 (0)20 7360 4600 | www.bentleys.co.uk |
| London E1W 1YL | F +44 (0)20 7481 7978 | |



BENTLEYS, STOKES AND LOWLESS
Specialists in maritime and insurance law

The information in this fax may be confidential or protected by privilege. If you are not the intended recipient please telephone us immediately and do not disclose or copy its contents.

| To: | Waterson Hicks | No: | 020 7929 3748 |
|---|---|---|---|
| Attn: | Andrew Ridings | Ref: | |
| | | | |
| Copy: | William Robertson | No: | 01444 876941 |
| | | | |
| From: | Carlo Sammarco | Ref: | PCC/CPS/S00022.543/mm |
| No of pages: | 2 + 1 | Date: | 20 June 2008 |

**"BOONTRIKA NAREE" C/P DD 20.02.07 (THE "CHARTERPARTY")**

We have recently been instructed by the Danish Defence Club and their members, Pioneer Navigation in relation to the above matter. We have seen the catalogue of exchanges between you and our clients and in particular your fax of 13th June 2008 in which you give notice of the purported appointment of Mr Robertson as your clients' ("NBT") arbitrator under the Charterparty.

Unfortunately your notice is unclear both as to the basis of Mr Robertson's appointment under the Charterparty as well as the particular disputes which you purport are to be the subject of that reference. As far as we can see there is only one dispute to be determined between the parties, namely that pertaining to the amount of outstanding hire due to our clients, as Disponent Owners, under the Charterparty. Our clients maintain that there is a balance due in their favour of US$23,291.92, whereas NBT allege a balance in their favour (although you have provided no evidence in this respect) of US$2,579.38. We are not aware of any other dispute under the Charterparty.

As to the basis of Mr Robertson's appointment, we presume that this has been made in accordance with Clause 57 of the Head Charter (dated 13th October 2006) with which this Charterparty is on back to back terms. For ease of reference and for Mr Robertson's benefit in the event that he has not seen the wording of this clause, a copy of Clause 57 is attached.

You will be aware that Clause 57 provides that "... *in cases where neither the claim nor any counterclaim exceeds the sum of US$100,000 ... the arbitration shall be conducted in accordance with the LMAA Small Claims Procedure current at the time ...* ". There is no doubt that the dispute between the parties falls squarely within this provision and the parties, should they wish to proceed to resolve the dispute in arbitration, are now obliged to proceed in accordance with the LMAA Small Claims Procedure 2006 ("SCP"). In any event, bearing in mind the value of the dispute, there is little doubt that the SCP would be the most appropriate procedure to ensure the prompt and efficient determination of the dispute in the circumstances.

In accordance with paragraph 2(a) of the SCP then "... *unless a sole arbitrator has already been agreed on, either party may give notice to the other requiring him to join in appointing a sole arbitrator...*". If to the extent that the appointment of Mr Robertson is an attempt by Waterson Hicks and NBT to propose Mr Robertson as a sole arbitrator in accordance with paragraph 2(a) above then, with all due respect to Mr Robertson, our clients

| P.S. Griffiths | J.M. Steele | S.R. Tatham |
|---|---|---|
| V.E. Sewell | J.E. Quain | M.W. Moon |
| W.J. Chetwood | N.S. Wilson | P.C. Crane |
| O. de Sybel | P.M. Gregson | |

This firm is regulated by the
Solicitors Regulation Authority

2                  Subject: "BOONTRIKA NAREE" C/P DD 20.02.07 (the                  20 June 2008

are unable to agree to his appointment as such. If, as seems to be the case, Mr Robertson has simply been appointed as NBT's arbitrator (in accordance with the second paragraph of Clause 57) then we reiterate that the parties have agreed to the application of the SCP to the aforementioned dispute and that the appointment of Mr Robertson in any capacity other than as the agreed sole arbitrator under the SCP is clearly invalid. As such we respectfully ask that Mr Robertson duly decline his appointment on NBT's behalf in this matter and step down accordingly.

Bearing in mind the application of the SCP in this matter, we take this opportunity to give NBT due notice under paragraph 2(a) of the same and request that they now agree to the appointment of a sole arbitrator in accordance therewith. In this respect please would NBT indicate which one of the following candidates should be appointed as sole arbitrator under the SCP and in respect of the aforementioned dispute?

1    Mr Brian Williamson of Cromwell House, 10 Lawn Road, Beckenham, Kent BR3 1TP. Tel: 020 8650 6205, Fax: 020 8711 2046.

2    Mr Graham Clark of Viking Cottage, Crowhurst Lane, Crowhurst, Lingfield, Surrey RH7 6NA. Tel: 01342 893065, Fax: 01342 892800.

3    Mr David Farrington of Chorley Farm House, West Wycombe, Buckinghamshire HP14 4BS, Tel: 01494 558285, Fax: 01494 510957.

We should be grateful if NBT would confirm their agreement to the appointment of one of the above as sole arbitrator under the SCP within 14 days from the date hereof (namely by Friday 4th July 2008).

We wait to hear from you/NBT accordingly.

In the meantime we should be grateful if Mr Robertson, reading in copy, would confirm that he shall be declining his appointment as NBT's arbitrator as requested.

Regards

BENTLEYS, STOKES AND LOWLESS

PCL Ref: 5797

Additional Clauses to MV "ROONTRIK ..... , dated Stamford,
Connecticut October 15, 2006

54.      Deleted.

55.      Charterers confirm that they will have a full liability cover for the entire duration of
         the Charter.

56.      Deleted.

57.      Bimco Standard Law and Arbitration Clause 1998–English Law,
         London Arbitration:
         This Contract shall be governed by and construed in accordance with English Law
         and any dispute arising out of or in connection with this Contract shall be referred
         arbitration, in London, in accordance with the Arbitration Act 1996 or any statutory
         modification or re-enactment thereof save to the extent necessary to give effect to the
         provisions of this Clause. The arbitration shall be conducted in accordance with the
         London Maritime Arbitrators Association (LMAA) terms current at the time when
         the arbitration proceedings are commenced.

         The reference shall be to three arbitrators. A party wishing to refer a dispute to
         arbitration shall appoint its arbitrator and send notice of such appointment in
         writing to the other party requiring the other party to appoint its own arbitrator
         within 14 calendar days of that notice and stating that it will appoint its arbitrator as
         sole arbitrator unless the other party appoints its own arbitrator and gives notice that
         it has done so within the 14 days specified. If the other party does not appoint its
         own arbitrator and give notice that it has done so within the 14 days specified, the
         party referring a dispute to arbitration may, without the requirement of any further
         prior notice to the other party, appoint its arbitrator as sole arbitrator and shall advise
         the other party accordingly. The award of a sole arbitrator shall be binding on both
         parties as if he has been appointed by agreement. Nothing herein shall prevent the
         parties agreeing in writing to vary these provisions to provide for the appointment of
         a sole arbitrator.

         In cases where neither the claim nor any counter-claim exceeds the sum of U.S.
         $100,000 (or such other sum as the parties may agree) the arbitration shall be
         conducted in accordance with the LMAA Small Claims Procedure current at the
         time.

58.      Deleted.

59.      Deleted.

60.      Bunker Survey Clause:
         Charterers have the option to call for a joint bunker survey upon delivery or after
         arrival at first loadport after delivery and/or upon redelivery or at last port before
         redelivery, in order to establish bunker figures upon delivery, respectively redelivery
         and such figures shall be final and binding for both parties.

         The Charterers will be represented by their supercargo(es) or appointed surveyor(s)
         and the Owners by the Master and/or Chief Engineer. Time for joint bunker survey
         upon delivery or after arrival at first loadport after delivery to be for Charterers'
         account and time for joint bunker survey upon redelivery or at last port before
         redelivery to be for Owners' account. Costs for surveys to be split 50/50 between
         Owners and Charterers.

- 12 -

**Email Printer**

| | |
|---|---|
| **From:** | Andrew Ridings [ASR@watersonhicks.com] |
| **Sent:** | 24 June 2008 12:49 |
| **To:** | Carlo Sammarco |
| **Cc:** | William Robertson; Emma Sullivan |
| **Subject:** | "BOONTRIKA NAREE" - C/P DD. 20.02.07 |
| **Attachments:** | tg30ad10.tif |

We refer to your fax of 20 June.

Our appointment of Mr Robertson was an attempt to constitute a Tribunal suitable to determine this dispute.

We say now to you, as we said to the Danish Defence Club, that we do not to believe the Small Claims Procedure to be at all suitable to this dispute, despite the modest value. We invite your clients, therefore, to agree to submit this dispute to the arbitrament of three arbitrators, one to be chosen by each of the parties, and the third by the arbitrators so chosen, our clients' chosen arbitrator being Mr Robertson.

If you do not agree to this, we cannot, of course, compel such variation, but reserve our right to make appropriate submissions to any Tribunal in due course on the form, conduct and procedure for the arbitration. For the record, and without prejudice to make such submissions, if you do not accept such variation, we do not accept any of the arbitrators whom you have proposed, and will invite you to agree Mr Robertson as sole arbitrator.

Please let us hear from you as soon as possible with regard to our invitation.

Regards
Andrew Ridings
Waterson Hicks
130 Fenchurch Street
London EC3M 5LY

| | |
|---|---|
| Tel : | +44 (0) 20 7929 6060 |
| Fax : | +44 (0) 20 7929 3748 |
| Direct email : | asr@watersonhicks.com |
| Website : | www.watersonhicks.com |

CONFIDENTIALITY NOTICE

The contents of this e-mail message and any attachments are confidential, for the use of the addressee only and may be legally privileged. If you are not the intended recipient of this e-mail message any copying, distribution or other action taken or omitted to be taken in reliance upon it is prohibited and may be unlawful. Instead please return the message to the sender by replying to it and then delete the message and any attachments from your computer. Waterson Hicks maintains active anti-virus policies but accepts no liability for any damage which may be caused by any virus inadvertently transmitted by this e-mail or any attachments thereto.

Regulated by the Solicitors Regulation Authority.

# W. ROBERTSON
## F.I.C.S.

*The Atlas Room*
*37 Woodpecker Crescent*
*Burgess Hill*
*West Sussex*
*RH15 9XY*
*United Kingdom*



*Telephone: 01444 876940*
*Facsimile: 01444 876941*
*Mobile: 07732 350913*
*Residence: 01444 457136*
*E-mail: william@robmarine.com*

---

## FACSIMILE MESSAGE

---

| | | | |
|---|---|---|---|
| Date: | Tuesday, June 24, 2008 | Time: | 13:28:05 |
| To: | Waterson Hicks, Solicitors, London | Attn: | Andrew Ridings |
| Fax: | 020 7929 3748 | Ref: | |
| C.C.: | Bentleys Stokes and Lowless Solicitors, London | Attn: | Carlo Sammarco |
| Fax: | 020 7481 7978 | Ref: | PCC/CPS/S00022.543 .mm |
| From: | William Robertson | Ref: | WR/97/3357/mw |
| Re: | "BOONTRIKA NAREE" ~ C/P 20.02.07 | | |
| Pages: | 1 | | |

I have received Bentleys Stokes & Lowless' fax of 20 June, in respect of which no doubt you will let me have your comments so I can give some consideration to the contents of that message. I look forward to hearing from you soonest.

Best regards,

**W. Robertson**

# wh
# waterson hicks

SOLICITORS

130 Fenchurch Street
London EC3M 5LY

**FACSIMILE TRANSMISSION**

Telephone : +44 (0)20 7929 6060
Facsimile : +44 (0)20 7929 3748
Email : law@watersonhicks.com
Web : www.watersonhicks.com

DATE : 24 June 2008

PAGES : 1

TO : William Robertson
REF : WR/97/3354/mw
FAX : 01444 876 941

CC : Bentley Stokes & Lowless
ATTN : Carlo Sammarco
REF : PCC/CPS/S00022.543.mm
FAX : 020 7481 7978

FROM : Andrew Ridings
REF : ASR/TA/1908-13

Dear Sirs,

**"BOONTRIKA NAREE" - C/P DD. 20.02.07**

Thank you for your fax of 24 June.

We hope that you have seen our e-mail of 24 June in which we responded to Messrs. Bentleys' message of 20 June. As we say, the further form of the arbitration depends on their response to our invitation. We would be very grateful if, for the present, you would allow us to wait for that response before we address the question of your appointment further.

Yours faithfully,

*Waterson Hicks*

**WATERSON HICKS**

CONFIDENTIALITY NOTICE
The contents of this fax and any attachments are confidential, for the use of the addressee only and may be legally privileged. If you are not the intended recipient of this fax, or the employee or the agent responsible for delivering it to the intended recipient any copying, distribution or other action taken or omitted to be taken in reliance upon it is prohibited and may be unlawful. Please return the fax and any attachments to us and destroy any copies which may have been made. Thank you.

J.W. Hicks, M.J. Wisdom, B.M. Isola, M.S. Aspinall, T.D. Baker, A.S. Ridings

Geneva: tel +4122 3109767
Address: 11 rue de Candolle, 1205 Geneva, Switzerland

Regulated by the Solicitors Regulation Authority

F ASR 062408 Robertson Bentleys

TOTAL P.01

| International House | T +44 (0)20 7782 0990 | law@bentleys.co.uk |
| 1 St. Katharine's Way | T +44 (0)20 7360 4600 | www.bentleys.co.uk |
| London E1W 1YL | F +44 (0)20 7481 7978 | |



**BENTLEYS, STOKES AND LOWLESS**
Specialists in maritime and insurance law

The information in this fax may be confidential or protected by privilege. If you are not the intended recipient please telephone us immediately and do not disclose or copy its contents.

| To: | Waterson Hicks | No: | 020 7929 3748 |
| Attn: | Andrew Ridings | Ref: | |
| | | | |
| Copy: | William Robertson | No: | 01444 876941 |
| | | | |
| From: | Carlo Sammarco | Ref: | PCC/CPS/S00022.543/mm |
| No of pages: | 2 | Date: | 25 June 2008 |

**"BOONTRIKA NAREE" C/P DD 20.02.07 (THE "CHARTERPARTY")**

We refer to the relevant exchanges following our fax of 20th June 2008.

The arbitration provisions in the Charterparty (Clause 57) are quite clear. The parties have agreed that in circumstances where the value of the dispute does not exceed US$100,000 then the procedure to be adopted is that of the LMAA Small Claims Procedure ("SCP") currently in force (SCP 2006). This is not disputed by you or your clients.

There has been no agreement to depart from the provisions of Clause 57 and, indeed, we and/or our clients see no reason why the parties should do so. Consequently, we repeat that your clients' appointment of Mr Robertson as their arbitrator is invalid in respect of the current dispute and in breach of the provisions of Clause 57.

There is no doubt that the arbitration of this dispute should proceed in accordance with the SCP. With this in mind we note that your clients have rejected the three arbitrators proposed in our fax of 20th June 2008 and have invited our clients to agree to the appointment of Mr Robertson as sole arbitrator under the SCP. In respect of the latter we have already advised that our clients are not prepared to agree to the appointment of Mr Robertson and your invite is once again rejected.

In the circumstances, unless you propose another arbitrator upon whom we are able to agree as sole arbitrator under the SCP then, upon the expiry of the 14 day deadline (on 4th July 2008), we shall have no option but to write to the President of the LMAA in accordance with the provisions of paragraph 2(b) of the SCP 2006 and ask that he appoint an arbitrator on the parties' behalf.

In light of the above and in particular our clients' rejection of your invitation to appoint Mr Robertson as sole arbitrator we, once again, respectfully ask Mr Robertson, reading in copy, to duly decline his appointment on NBT's behalf in this matter and confirm that he will be stepping down accordingly.

| P.S. Griffiths | J.M. Steele | S.R. Tatham |
| V.E. Sewell | J.E. Quain | M.W. Moon |
| W.J. Chetwood | N.S. Wilson | P.C. Crane |
| O. de Sybel | P.M. Gregson | |

This firm is regulated by the
Solicitors Regulation Authority

2              Subject: "BOONTRIKA NAREE" C/P DD 20.02.07                    25 June 2008

In the meantime we await your/your clients' further proposals for the appointment of a sole arbitrator under the SCP as indicated above.

Regards

BENTLEYS, STOKES AND LOWLESS

# EXHIBIT

# 5

# W. ROBERTSON
## F.I.C.S.

*The Atlas Room*
*37 Woodpecker Crescent*
*Burgess Hill*
*West Sussex*
*RH15 9XY*
*United Kingdom*



LMAA

*Telephone: 01444 876940*
*Facsimile: 01444 876941*
*Mobile: 07732 350913*
*Residence: 01444 457136*
*E-mail: william@robmarine.com*

---

## FACSIMILE MESSAGE

Date:    Wednesday, July 16, 2008        Time: 14:10:11

To:    Waterson Hicks, Solicitors, London    Attn:    Andrew Ridings
Fax:    020 7929 3748                Ref:    ASR/TA/1908-13

C.C.:    Bentleys Stokes and Lowless        Attn:    Carlo Sammarco
         Solicitors, London
Fax:    020 7481 7978                Ref:    PCC/CPS/S00022.543
                                              .mm

From:    William Robertson            Ref:    WR/97/3357/mw
Re:    "BOONTRIKA NAREE" ~ C/P 20.02.07
Pages:    1

Many thanks for your email message of 15 July and, of course, I shall
happily stand down as Arbitrator in this reference.

Kindest regards,

**W. Robertson**

Index No. 08 Civ. 5591 ~~XXXX~~ (LAP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORWEGIAN BULK TRANSPORT A/S,

                                        Plaintiff,

        -against-

PIONEER NAVIGATION LTD.,

                                        Defendant.

DECLARATION

Signature (Rule 130-1.1-a)

Print name beneath

Attorney(s) for   Defendant

*Office and Post Office Address, Telephone*
**CARDILLO & CORBETT**
**29 Broadway**
**NEW YORK, N.Y. 10006**
**212-344-0464**

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

        Yours, etc.

        **CARDILLO & CORBETT**

        *Office and Post Office Address*
        **29 Broadway**
        **NEW YORK, N.Y. 10006**

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

at

on

Dated,        M.

        Yours, etc.

        **CARDILLO & CORBETT**

        *Office and Post Office Address*
        **29 Broadway**
        **NEW YORK, N.Y. 10006**

To

Attorneys for